94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest James PERKINS, Defendant-Appellant.
 No. 95-50442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Aug. 15, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ernest James Perkins appeals the district court's denial of his motion to suppress. Perkins contends that statements he made in response to police questioning before receiving his Miranda warnings should be suppressed for two reasons: (1) he was detained not under a Terry stop, but an arrest, and (2) even if he was seized under a Terry stop, he was deprived of his freedom of action so significantly as to necessitate Miranda warnings. We affirm in part and reverse in part.
 
 
 3
 Like the district court, we find that Perkins was detained under a permissible Terry stop. Because the deputies were told that Perkins was an armed bank robbery suspect, there were legitimate concerns for their safety. To protect themselves, the deputies used permissible force during Perkins's Terry -stop. See, e.g., United States v. Alvarez, 899 F.2d 833 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991); United States v. Buffington, 815 F.2d 1292 (9th Cir.1987); United States v. Taylor, 716 F.2d 701 (9th Cir.1983).
 
 
 4
 During Terry stops, police officers are allowed to detain suspects and briefly question them without Miranda warnings to obtain information. Terry v. Ohio, 393 U.S. 1, 27 (1968). Consequently, we find that the district court properly denied Perkins's motion to suppress with respect to statements made in response to the following: (1) the first police question which asked what Perkins was doing behind the parked silver car, and (2) the second police question which asked how Perkins got to the carport.
 
 
 5
 However, we hold that the district court should have suppressed Perkins's statements to the third police question which asked whether Perkins had ever been arrested, or if he was on parole or probation. "Questioning initiated by law enforcement officers after a suspect has been taken into custody or otherwise deprived of his freedom of action in any significant way" must be preceded by Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Under the totality of the circumstances, we hold that Perkins was under custody or significantly deprived of his freedom of action when the third question was asked; at that point, Perkins was handcuffed even though he was unarmed, cooperative, and surrounded by several deputies. Hence, before the third question was given, Perkins should have been read his Miranda rights. See United States v. Bautista, 684 F.2d 1286, 1291 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983); see also United States v. Smith, 3 F.3d 1088 (7th Cir.1993), cert. denied, 114 S.Ct. 733 (1994); United States v. Perdue, 8 F.3d 1455 (10th Cir.1993).
 
 
 6
 Therefore, we affirm the district court's denial of the motion to suppress with respect to statements made in response to the first and second police questions. With respect to statements made in response to the third question (regarding prior arrest record and parole), we reverse the denial of the motion to suppress. On remand, the district court should (1) permit Perkins to withdraw his guilty plea if he wishes, and (2) on proper motion, determine whether the court should suppress all statements Perkins made following the third question and prior to Miranda warnings.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3